0355

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent,
v. Bessie HARPER, Appellant.

(325 S. E. (2d) 71)

Court of Appeals

*George F. Townes*, Pickens, *for appellant.*

*Tana G. Vanderbilt*, Columbia, *for respondent.*

*Timothy L. Brown*, Greenville, *Guardian Ad Litem.*

Heard Oct. 15, 1984.

Decided Jan. 3, 1985.

SANDERS, Chief Judge:

Bessie Harper, mother of two minor children, appeals a family court order terminating her parental rights. We reverse.

The Family Court Judge terminated Ms. Harper's parental rights pursuant to then Code section 20-7-1570(2)(a) of the South Carolina Children's Code which provided:

> For the purposes of this subarticle, an abandoned child shall be:
> (2) When as the result of a petition filed in a court of competent jurisdiction
> (a) The court has previously found a child to be, a dependent or neglected child, has removed the child from the home of the parents and placed the child in the temporary custody of the South Carolina Department of Social Services, the Children's Bureau or the licensed child-placing agency and for a period of six months the Department or agency has given consistent help to the parents in an effort to establish a suitable home for the child, and thereafter the court finds that the parents have made *no effort even with help to provide a suitable home, have shown no concern as to the child's welfare and have failed to achieve a degree of personal rehabilitation as would indicate that at some future date they would provide a suitable home for the child.* . . .
> (Emphasis added.)

Thus, three separate criteria must all be met before a child is considered abandoned within the meaning of this Code section. As to these criteria, the Family Court Judge found that Ms. Harper

*. . . has shown no concern* as to the children's welfare in that she has failed to keep appointments with Department of Social Services concerning her children and has failed to visit regularly with the children; and *has failed to achieve a degree of personal rehabilitation* that would indicate that at some future time she would provide a suitable home for the children.

3. The Respondent Bessie Harper *cannot provide a suitable home* for the minor children now or in the future due to her mental limitations and due to the special needs of the minor children. Sunie Harper suffers from sickle cell anemia and needs close medical supervision which Ms. Harper cannot provide. Christine Harper is mentally retarded and needs special attention and stimulation which Ms. Harper cannot provide. (Emphasis added.)[1]

According to the record, the Department obtained custody of Ms. Harper's children and placed them in foster care in 1977, following investigation of neglect complaints against Ms. Harper and a finding of child neglect by the Family Court. Then in 1982, the Department brought an action to terminate Ms. Harper's parental rights and release the children for adoptive or institutional care. Christine Harper, then fourteen years old, is mentally retarded and attends a special education class and receives mental health counseling. She is also on medication for hyperactivity. Sunie Harper, then eight years old, is a victim of sickle cell anemia and is prone to have periodic crises requiring hospitalization. Her spleen has been removed and she is highly susceptible to infections.

The record also establishes that Ms. Harper, then thirty years old, has been evaluated as moderately retarded. At the time of the hearing she was unemployed (and had a history of unemployment) and did not have her own means of transportation or her own telephone, although she did have access to a neighboring relative's phone.

---

[1] Although the order makes reference to Ms. Harper's mental limitations, the Department did not bring this action pursuant to then Code section 20-7-1570(2)(b) which provided for a determination of child abandonment when a parent has been "judicially determined to be mentally ill or mentally retarded to such an extent that he or she can never function as a parent. . . ."

Further evidence in the record reveals that Ms. Harper missed numerous appointments with her Department social worker and was difficult to locate at times, often changing residence, and failed to financially contribute toward the support of the children while placed in foster care. However, there is evidence she later obtained a house of her own and furniture in preparation for the children's return to her. The record also shows that Ms. Harper visited with her children during their foster care placement, missing only one of the seven or eight visits scheduled by the Department.

There is also evidence, presented by the Department itself, that the Department went for months on several occasions without maintaining a working relationship with Ms. Harper. From 1977 to 1982, there were two separate periods of eight months each in which the Department made no contact, and referrals to other support agencies did not begin until 1980.

In an action to terminate parental rights on the ground of child abandonment, a trial judge is afforded wide discretion, and abandonment is largely a question of intent to be determined by the facts and circumstances of each case. *Richland County Department of Social Services v. Hills*, 269 S. C. 568, 238 S. E. (2d) 685 (1977). However, the judge's findings must be supported by clear and convincing evidence. *See Chambers v. Anderson County Department of Social Services*, 280 S. C. 209, 311 S. E. (2d) 746, 748 (S. C. App. 1984), citing *Santosky v. Kramer*, 455 U. S. 745, 102 S. Ct. 1388, 71 L. Ed. (2d) 599 (1982).

Statutes providing for the termination of parental rights of natural parents are to be strictly construed in favor of the parent and preservation of the parent-child relationship. *Bevis v. Bevis*, 254 S. C. 345, 175 S. E. (2d) 398 (1970).

Code section 20-7-1570(2)(a) states its criteria for an abandoned child conjunctively. Therefore, Ms. Harper must not only have failed to achieve the necessary degree of personal rehabilitation, but she *also* must have made no effort to provide a suitable home *and* shown no concern for the children's welfare. In our opinion, the Department has failed to meet its burden of proof by clear and convincing evidence because the record does contain evidence

that Ms. Harper made *some* effort and showed *some* concern by obtaining a house and furniture for her children and visiting them while they were in custody of the Department.[2]

Accordingly, the order of the Family Court is

Reversed.

GARDNER and BELL, JJ., concur.

_____

[2] Amendments to Code section 20-7-1570 and the addition of section 20-7-1572, effective March 5, 1984, have changed these criteria making them less stringent. Our decision here should not be construed as preventing the Department from proceeding further, pursuant to these amendments and additional section.