536 S.E.2d 372

**Karen JOINER as Guardian ad Litem for Robert Alex RIVAS, Petitioner,**

**v.**

**Delores RIVAS and South Carolina Department of Social Services, Defendants,**

**Of whom Delores Rivas is, Respondent.**

**In the Interest of Robert Alex Rivas DOB: 11/26/93, Minor under the age of eighteen (18) years.**

**No. 25186.**

Supreme Court of South Carolina.

Heard June 7, 2000.

Decided Aug. 15, 2000.

Simpson Z. Fant, of Nelson Mullins Riley & Scarborough, of Columbia, for petitioner.

David S. Hipp, of Dooley, Spence, Parker & Hipp, and Patrick J. Frawley, of Nicholson, Davis, Frawley, Anderson & Ayer, both of Lexington, for respondent.

BURNETT, Justice:

Petitioner appeals a ruling of the Court of Appeals requiring the appointment of an additional guardian ad litem whenever a termination of parental rights (TPR) action is brought by a child's guardian ad litem in an abuse and neglect case. We reverse.

## FACTS

Robert Alex Rivas (Alex), was removed from his home by the Lexington County Department of Social Services (DSS) in January of 1995 when he was approximately fourteen months old. DSS was awarded temporary custody of Alex based on a finding of physical neglect. With the exception of a brief period in 1996,[1] Alex has lived continuously in foster care since that time. Petitioner, Alex's court-appointed guardian ad litem in the abuse and neglect action, brought this action to terminate the parental rights of Delores Rivas, Alex's natural mother (respondent).

---

1. It is undisputed Alex's return to his mother in 1996 was in violation of DSS policies, as it took place just two weeks after she tested positive for cocaine.

Respondent has a history of mental illness and substance abuse impairing her ability to properly care for her children. The family court found respondent had failed to remedy the conditions which caused Alex's removal[2] despite reasonable and meaningful efforts by DSS to offer mental health and substance abuse services. *See* S.C.Code Ann. § 20–7–1572(2) (Supp.1999).[3] Based upon respondent's failure to respond to previous drug rehabilitative efforts and testimony concerning the expected recovery rate for a person with dual mental health and substance abuse problems, the family court determined respondent's condition was unlikely to change within a reasonable time such that she would be able to provide Alex with minimally acceptable care. *See* S.C.Code Ann. § 20–7–1572(6) (Supp.1999). The family court further determined Alex's best interests would be served by terminating respondent's parental rights and freeing Alex for adoption.[4]

The Court of Appeals vacated the family court's order terminating respondent's parental rights. *Joiner ex rel. Rivas v. Rivas*, 335 S.C. 648, 518 S.E.2d 51 (Ct.App.1999). Although all three judges agreed respondent's substantive arguments were without merit,[5] the majority held the family court erred in failing to appoint an independent guardian ad

---

**2.** While noting Alex was originally removed from respondent's home due to her mental illness, the family court found Alex was not returned to the home because of respondent's substance abuse. The court therefore ruled Alex was "removed" for purposes of S.C.Code Ann. § 20–7–1572(2) (Supp.1999) because of respondent's drug use, and her failure to cease using illegal drugs after treatment was sufficient reason to terminate her parental rights.

**3.** This subsection has since been amended to delete the language "despite a reasonable and meaningful effort by the agency to offer appropriate rehabilitative services." *See* 1996 Act No. 450, § 14, eff. Jan. 1, 1997.

**4.** A separate finding that termination is in the best interest of the child, in addition to finding an enumerated statutory basis for termination, was not required at the time of this action. *See* 1996 Act No. 450, § 14, eff. Jan. 1, 1997.

**5.** Judge Huff, dissenting, addressed each of respondent's substantive arguments. The majority did not reach the merits of those arguments because of its disposition of the case, but agreed with Judge Huffs resolution of the arguments. *Joiner*, 335 S.C. at 655, n. 4, 518 S.E.2d at 54, n. 4.

litem for Alex in the termination proceedings and that such a fundamental error required reversal.

## ISSUES

I. Did the Court of Appeals err in reaching an issue neither raised to nor ruled upon by the family court?

II. Did the Court of Appeals err in holding a new guardian ad litem must be appointed in a proceeding to terminate parental rights brought by a child's guardian ad litem?

## DISCUSSION

### I. Did the Court of Appeals err in reaching an issue neither raised to nor ruled upon by the family court?

Petitioner first argues the Court of Appeals erred in addressing an issue neither raised to nor ruled on by the family court. We disagree. The Court of Appeals properly concluded procedural rules are subservient to the court's duty to zealously guard the rights of minors. *See Ex parte Roper,* 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) ("[W]here the rights and best interests of a minor child are concerned, the court may appropriately raise, ex mero motu, issues not raised by the parties."), *Galloway v. Galloway,* 249 S.C. 157, 160, 153 S.E.2d 326, 327 (1967) ("The duty to protect the rights of minors has precedence over procedural rules otherwise limiting the scope of review and matters affecting the rights of minors can be considered by this court ex mero motu."). The Court of Appeals therefore did not err in addressing this issue for the first time on appeal.

### II. Did the Court of Appeals err in holding a new guardian ad litem must be appointed in a proceeding to terminate parental rights brought by a child's guardian ad litem?

South Carolina Code Ann. § 20–7–1564 (Supp.1999) provides that any interested party may file a petition seeking termination of parental rights. Petitioner filed this action in her capacity as Alex's court-appointed guardian ad litem. Petitioner's standing as an "interested party" is not challenged.

South Carolina Code Ann. § 20–7–1570(B) (Supp.1999) [6] requires the appointment of a guardian ad litem for a child subject to a TPR proceeding. The Court of Appeals held "although petitioner was appointed as guardian ad litem for Alex in the initial DSS abuse and neglect action, her role as a guardian was transformed when she filed this action to terminate the mother's parental rights." We disagree.

The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible. *Strother v. Lexington County Recreation Comm'n,* 332 S.C. 54, 504 S.E.2d 117 (1998). "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994). The purpose of the termination of parental rights statute is

> to establish procedures for the reasonable and compassionate termination of parental rights where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption by persons who will provide a suitable home environment and the love and care necessary for a happy, healthful, and productive life.

S.C.Code Ann. § 20–7–1560 (Supp.1998).

TPR statutes "must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent child relationship." S.C.Code Ann. § 20–7–1578 (Supp.1999). The Court of Appeals erroneously held that "[s]tatutes providing for termination of parental rights must be strictly construed in favor of preserving the relationship of parent and child." *Joiner,* 335 S.C. at 652, 518 S.E.2d at 52. In support of this proposition, the Court of Appeals cited its earlier opinions in *Leone v. Dilullo,* 294 S.C. 410, 413, 365 S.E.2d 39, 40 (Ct.App.1988) and *Wilson v. Higgins,* 294 S.C. 300, 304, 363 S.E.2d 911, 913–14 (Ct.App.1987). *Leone* relied

---

6. The 1996 amendment to this subsection has no effect on the disposition of this case.

on this Court's opinion in *Goff v. Benedict,* 252 S.C. 83, 165 S.E.2d 269 (1969). *Goff* was decided in 1969, prior to the enactment of the TPR statutes, and was premised on the general rule that statutes in derogation of common law are to be strictly construed.

A majority of this Court has never addressed the construction rule in § 20–7–1578, although Chief Justice Toal cited it in dissent in *Hopkins v. South Carolina Dept. of Social Services,* 313 S.C. 322, 334, 437 S.E.2d 542, 548 (1993).[7] The Court of Appeals, however, has continued to hold in the face of § 20–7–1578 that strict construction is required for TPR statutes. *See* Roy T. Stuckey and F. Glenn Smith, *Marital Litigation in South Carolina* 397 (2d ed.1997) (noting conflict between statute and case law). We overrule those cases calling for strict construction of the TPR statutes.[8]

■■■■ Appointment of an additional guardian ad litem when a child's guardian brings a TPR action would be superfluous and not in keeping with a liberal construction designed to promptly effectuate the purposes of the TPR statutes. It is well settled that statutes dealing with the same subject matter are *in pari materia* and must be construed together, if possible, to produce a single, harmonious result. *See Home Health Servs., Inc. v. South Carolina Dept. of Health and Environmental Control,* 298 S.C. 258, 379 S.E.2d 734 (Ct.App. 1989). The code section requiring appointment of a guardian ad litem in TPR actions and the section authorizing a guardian ad litem to petition the court for relief on behalf of the child can be read together with a harmonious result. In pursuing termination of respondent's parental rights, petitioner acted

7. In *Hopkins,* as in the instant case, the guardian ad litem initiated the TPR action. The question of appointing a second guardian was not raised in *Hopkins.*

8. In addition to the above cited cases, this includes *Alley v. Boyd,* 337 S.C. 60, 522 S.E.2d 146 (Ct.App.1999), *South Carolina Dep't of Social Services v. Lail,* 335 S.C. 284, 516 S.E.2d 463 (Ct.App.1999), *South Carolina Dep't of Social Services v. Brown,* 317 S.C. 332, 454 S.E.2d 335 (Ct.App.1995), *Horton v. Vaughn,* 309 S.C. 383, 423 S.E.2d 543 (Ct.App. 1992), and *South Carolina Dep't of Social Services v. Harper,* 284 S.C. 212, 325 S.E.2d 71 (Ct.App.1985). Furthermore, this Court's opinion in *Bevis v. Bevis,* 254 S.C. 345, 175 S.E.2d 398 (1970) was overruled in relevant part by the enactment of § 20–7–1578.

solely in her role as guardian ad litem. *See* S.C.Code Ann. § 20–7–124(B)(6) (Supp.1999) (guardian ad litem is authorized to petition the court for relief on behalf of the child). She was not, as the Court of Appeals phrased it, "a plaintiff who had a stake in the outcome of the termination action." *Joiner,* 335 S.C. at 653, 518 S.E.2d at 53. Petitioner's only "stake" was the best interest of Alex.[9]

We emphasize that a natural parent subject to a TPR action brought by the child's guardian ad litem can always move for appointment of a new guardian ad litem in the TPR action. We merely hold the statute does not *require* it.

## CONCLUSION

The Court of Appeals erred in construing S.C.Code Ann. § 20–7–1570(B) (Supp.1999) strictly to require the appointment of a new guardian ad litem when a child's guardian ad litem brings a petition to terminate the natural parent's parental rights. We **REVERSE,** overrule the Court of Appeals cases requiring strict construction of TPR statutes, and reinstate the family court order terminating respondent's parental rights.

TOAL, C.J., MOORE and WALLER, JJ., concur.

PLEICONES, J., concurring in a separate opinion.

PLEICONES, Justice:

I agree with the majority that this termination of parental rights (TPR) action was properly brought by the petitioner, and that under the circumstances of this case, it was not necessary to appoint a second *guardian ad litem.* I write separately, however, because of my belief that the majority opinion may be read to construe S.C.Code Ann. § 20–7–1578 (Supp.1999) in a constitutionally impermissible manner.

Section 20–7–1578 requires a liberal construction of the TPR statutes "to ensure prompt judicial procedures...."

---

9. Clearly, a guardian ad litem who *did* have a personal stake in the outcome of the TPR action, such as a desire to adopt the child herself, would be disqualified, as would any guardian with a conflict of interest. Here, respondent conceded at oral argument the guardian had no conflict of interest.

This language is, in my opinion, an instruction to construe the **procedural** TPR statutes in a manner which will ensure prompt judicial action. It is not a direction to interpret the substantive TPR statutes so as to expedite terminations. The rule that we should construe TPR statutes strictly to prevent the erroneous termination of the parent-child relationship derives not just from the general rule that statutes in derogation of the common law should be strictly construed,[1] but also from the constitutional rights implicated by a termination proceeding.[2] I believe we err when we dilute the moving party's burden in a termination proceeding.

For these reasons, I concur separately in the result reached by the majority.

---

1. *Bevis v. Bevis*, 254 S.C. 345, 175 S.E.2d 398 (1970); *Goff v. Benedict*, 252 S.C. 83, 165 S.E.2d 269 (1969).

2. Natural parents have a "fundamental liberty interest ... in the care, custody, and management of their children .... [and] the child and his parents share a vital interest in preventing erroneous termination of their natural relationship." *Santosky v. Kramer*, 455 U.S. 745, 753, 760, 102 S.Ct. 1388, 1394, 1398, 71 L.Ed.2d 599, 606, 611 (1982); *see also Greenville County Dep't of Soc. Services v. Bowes*, 313 S.C. 188, 437 S.E.2d 107 (1993).