Appellants, Gene Sheryl Nix, Sandra Dianne Nix and Dewayne Nix (hereinafter either referred to individually or jointly asIntervenors) appeal the trial courts order denying their motion to intervene, arguing that their participation and the relief the

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services, Respondent,
v.
Tina Jean N., Clifford S. and John Doe, Respondents,
In the interest of Abigail N., DOB 12/10/01, 
Intervenors:  Dewayne N., Sandra N. and Gena N.,
Appellants.
 
 
 

Appeal from Pickens County
 Alvin D. Johnson, Family Court Judge

Unpublished Opinion No. 2006-UP-353
Submitted September 1, 2006  Filed October 19, 2006

AFFIRMED

 
 
 
W. Daniel Yarborough, Jr. of Greenville, for Appellants.
Dottie C. Ingram, of Florence, for Respondents.
 
 
 

PER CURIAM:  Dwayne N., Sandra N., and Gena N. (Appellants) appeal from a family court order denying their motion to intervene in this action for termination of parental rights (TPR).  We affirm.
FACTS
Abigail N., the minor and subject of this termination of parental rights (TPR) action, was born December 10, 2001, to Clifford N. (Father) and Tina N. (Mother).  On February 12, 2005, A.N. was admitted to the hospital with at least two fractured ribs, a bruised pancreas, burns to her left arm, face, chest and abdomen, and low hemoglobin due to massive soft tissue injuries to her posterior where blood had pooled.  That same day, she was placed into emergency protective custody, pursuant to section 20-7-610(E) of the South Carolina Code (2003).  Two days later, the family court held a probable cause hearing and found the South Carolina Department of Social Services (DSS) had probable cause to remove Abigail from her home.  DSS filed this action for TPR on February 17, 2005.  
A family meeting was held on March 3, 2005, pursuant to section 20-7-762(B) of the South Carolina Code (2003).  At the meeting, DSS informed Appellants, all of whom were present, that the TPR action would proceed.  On March 14, 2005, Appellants went to DSS to speak to a case worker about obtaining custody of Abigail.  Appellants informed DSS that they did not want permanent custody of Abigail, and they would only care for her for a short period of time.  Significantly, Appellants took no action regarding custody of Abigail even after DSS informed Appellants of its decision to not recommend them for custody.  
By order dated March 9, 2005, the merits hearing for the abuse and neglect action was consolidated with the TPR action.  On May 12, 2005, the second day of the hearing, Appellants faxed a notice of motion and motion for intervention pursuant to Rule 24, SCRCP.  The motion for intervention was served upon the opposing parties via facsimile that same day.  The motion was scheduled to be heard on May 16, 2005.
At the hearing on the motion to intervene, Dewayne N. submitted an affidavit stating he believed the testimony would show that Mother had no part in injuring Abigail, and that she provided the child with prompt medical attention.  A DSS caseworker and a DSS supervisor also submitted affidavits, in which they expressed concern that neither Dewayne N. nor Gena N. believed the abuse had occurred.  Because these relatives did not believe the child had been abused, DSS believed they could not be relied upon to provide adequate protection for [the minor child].   
The family court denied Appellants motion to intervene, finding they failed to provide adequate notice of the motion pursuant to Rule 6(d), SCRCP, and Rule 21(a), SCRFC.  Additionally, the family court found that it [was] clearly not in the childs best interest to continue this case . . . .  This appeal followed.
STANDARD OF REVIEW
In appeals from the family court, the appellate court has the authority to find the facts in accordance with its view of the preponderance of the evidence.  Ex parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  However, because the family court is in a superior position to judge the witnesses demeanor and veracity, its findings should be given broad discretion.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 623 (2003).  The standard of
review for a motion for intervention is whether the judge abused his discretion in granting or denying the
motion.  See, e.g., In re Horry County State Bank, 361 S.C. 503, 507, 604 S.E.2d 723, 725 (Ct. App. 2004). 
LAW/ANALYSIS
Appellants argue the family court erred in denying their motion to intervene. [1]  We disagree.
Appellants filed their motion to intervene pursuant to Rule 24 of the South Carolina Rule of Civil Procedure.  Rule 6(d), SCRCP, provides for a minimum of ten days notice for written motions and provides, in part:

Written motion(s) other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than ten days before the time specified for the hearing . . . .

(emphasis added).  
Here, Appellants provided only four days notice of their motion to intervene to opposing parties, notwithstanding the fact they were aware of both DSSs intent to file the TPR action as early as March 3, 2005, and of DSSs decision to not recommend Appellants for custody.  The parties were noticed via facsimile on May 12, 2005 that the motion to intervene would be heard on May 16, 2005.  Therefore, the family court correctly found Appellants motion to intervene was untimely under Rule 6(d), SCRCP.
Additionally, in their motion to intervene, Appellants sought temporary custody of Abigail.  Therefore, the family court also analyzed their motion under Rule 21 of the South Carolina Rules of Family Court, finding the motion was untimely under that rule as well.  We agree.
Rule 21(a), SCRFC, provides, in part: A written motion for temporary relief, and notice of the hearing thereof, shall be served not later than five days before the time specified  for the hearing . . . .  (emphasis added).  We agree with the family court that Appellants motion was untimely under Rule 21(a),
SCRFC.
Moreover, all matters involving the custody and care of children must be decided in the best interests of the child.  Patel v. Patel, 347 S.C. 281, 285, 555 S.E.2d 386, 388 (2001).  In a termination of parental rights case, the
best interest of the child is the paramount consideration.  Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  Our General Assembly has mandated that when the interest of the child and the parental rights conflict, the interest of the child shall prevail.  S.C. Code Ann. § 20-7-1578 (Supp. 2005); see also, South Carolina Dept of Soc. Servs. v. Cochran, 364 S.C. 621, 626-27, 614 S.E.2d 642, 645 (2005) (holding that in balancing the interests of the
child and the parent, the best interest of the child is paramount to that of the parent).  The supreme court has held that the termination of parental rights statute must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent child relationship.  Joiner ex rel. Rivas v. Rivas, 342 S.C. 102, 108, 536 S.E.2d 372, 375 (2000); see also S.C. Code § 20-7-1578 (Supp. 2005).
We agree with the family courts ruling that it is not in Abigails best interest to permit Appellants to intervene.  Abigail suffered injuries so severe that she was hospitalized for thirteen days.  The family court even took the step of consolidating the merits hearing for the abuse and neglect action with the TPR action in order to expedite the actions to benefit Abigail.[2]  Moreover, the guardian ad litem determined that it would not be in the minor childs best interest to delay the hearing to allow Appellants to intervene.  Therefore, we do not believe the family court judge abused his discretion in denying the motion to intervene. 
CONCLUSION 
Based on the foregoing, the order of the family court denying Appellants motion to intervene is hereby
 AFFIRMED.
HEARN, C.J., and HUFF and STILWELL, JJ., concur.

[1] Section 20-7-610 of the South Carolina Code (2003) provides that the family may order expedited placement of the child with a suitable relative at the probable cause hearing.  While Appellants motion to intervene states this section as a basis for their intervention, the probable cause hearing had already been held when the motion to intervene was filed.  Moreover, the family courts order does not address this argument, and Appellants failed to file a Rule 59(e), SCRCP, motion on this issue.  Therefore, we find this issue unpreserved for appellate review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).
[2] No party challenges the family courts consolidation of the merits hearing for the abuse and neglect action with the TPR action.