THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 

v.

 
 
 
 
 Sallie W.,
 Shawn W., Peter M., and John Doe, Defendants,
 
 Of Whom Shawn
 W. is the Appellant.
 
 In the Interests of: K.W., S.W., 
 and P.M., all minor children 
 under the age of 18.
 
 
 

Appeal From Marion County
 A. E. "Gene" Morehead, III,
Family Court Judge

Unpublished Opinion No. 2010-UP-270
Submitted May 3, 2010  Filed May 6, 2010    

AFFIRMED

 
 
 
 Dennis Hampton Smith, of Surfside Beach,
 for Appellant.
 Newton I. Howle, Jr., of Darlington, for
 Respondent.
 James Gladney McGee, III, of Florence, for
 Guardian Ad Litem.
 
 
 

PER CURIAM: Shawn W. (Father) appeals the termination of parental rights (TPR) to his minor
 children.  The family court terminated Father's parental rights pursuant to
 section 63-7-2570(3) (willful failure to visit), (4) (willful failure to
 support), and (8) (in foster care for fifteen of the most recent twenty-two
 months) of the South Carolina Code (2010).  Additionally, the family court
 found TPR was in children's best interests.  On appeal, Father argues the
 family court erred in finding TPR was in children's best interests when an adoptive
 home had not been identified.  We affirm.[1]  
The family court may order TPR upon a finding of one or more delineated grounds and a
 finding that termination is in the best interest
 of the child.  S.C. Code Ann. § 63-7-2570.  The purpose of the TPR statutes are:

  [T]o establish
 procedures for the reasonable and compassionate termination of parental rights
 where children are abused, neglected, or abandoned in order to protect the
 health and welfare of these children and make them eligible for adoption by
 persons who will provide a suitable home environment and the love and care
 necessary for a happy, healthful, and productive life.

S.C. Code Ann. § 63-7-2510 (2010).
Moreover, the TPR statutes
 "must be liberally construed in order to ensure prompt judicial procedures
 for freeing minor children from the custody and control
 of their parents by terminating the parent-child relationship.  The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code
 Ann. § 63-7-2620 (2010); see also Joiner v. Rivas, 342
 S.C. 102, 536 S.E.2d 372 (2000) (overruling prior cases calling for strict
 construction of the TPR statutes).  Thus, the best interest of the child is the
 paramount consideration.  Charleston County Dep't of Soc. Servs. v. Jackson,
 368 S.C. 87, 102, 627 S.E.2d 765, 774 (Ct. App. 2006).

Father does not allege error
 in the family court's finding statutory grounds for TPR existed.  Rather,
 Father admitted he only visited children one time after removal and did not
 financially support children.  Thus, the dispositive issue is whether terminating
 Father's parental rights is in children's best interests.  Father's
 behavior as it relates to the statutory grounds for termination can be
 considered in determining best interests.  See Doe v. Roe, 386
 S.C. 624, ___, 690 S.E.2d 573, 578 (2010) (explaining a parent's behavior "as
 it relates to the statutory grounds for termination is appropriately reviewed
 for purposes of the best interest analysis because such conduct evinces a
 settled purpose to forego parental duties").  By Father's own admissions, he was not
 involved with children "except in
 very superficial ways and even then on an extremely sporadic basis." 
 Further, Father admitted he did not support children and had only visited
 children one time since their removal from their mother's home on May 19, 2005. 
 Further, Department of Social Services foster care supervisor Martha Stackhouse
 testified she believed TPR was in children's best interests.  Thus, the
 termination of Father's parental rights does not conflict with the purpose of
 the TPR statutes to make children eligible for adoption by someone "who
 will provide a suitable home environment and the love and care necessary for a
 happy, healthful, and productive life."  § 63-7-2510.
Accordingly, the family
 court's order is 
AFFIRMED.
WILLIAMS,
 THOMAS, and KONDUROS, JJ., concur.  

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.