THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 Tara Ingram Rabuck and Andrew Rabuck, Appellants,
 
 
 

v.

 
 
 
 Robert Michael Wilomvsky, Respondent.
 In the interest of a minor
 child.
 
 
 

Appeal
 From Darlington County
James
 A. Spruill, III, Family Court Judge

Unpublished
 Opinion No. 2011-UP-459
 Heard
 September 12, 2011  Filed October 13, 2011    

AFFIRMED
 IN PART AND REMANDED IN PART

 
 
 
 John
 S. Nichols, of Columbia, and John M. Ervin, III, of Darlington, for Appellants.
 James
 D. Dotson, of Lake City, for Respondent.
 
 
 

PER CURIAM:  Tara
 Rabuck (Mother) and Andrew Rabuck (Stepfather) (collectively, Appellants)
 appeal the family court's order declining to terminate Robert Wilomovsky's (Father's)
 parental rights, arguing the family court erred in: (1) failing to find Father
 willfully failed to visit Child for a period of six months prior to the entry
 of the temporary order in 2008; (2) failing to find Father had a diagnosable
 condition, which he failed to remedy and prevented him from providing minimally
 acceptable care of Child; (3) failing to find it was in Child's best interest
 to terminate Father's rights and grant Stepfather's request to adopt Child; and
 (4) granting Father's counterclaim for regular weekend visitation with Child
 without requiring his visits be supervised at all times, he undergo regular and
 random drug testing, and attend counseling sessions.  We affirm and
 remand the case to the trial court for a hearing on visitation.
1.  Appellants argue the family court erred in failing to find
 Father willfully failed to visit Child for a period of six months prior to the
 entry of the temporary order in 2008.  Appellants moved to Texas in 2001, and
 Mother testified Father was very involved in Child's life up until that time. 
 Mother stated Father even regularly visited with Child while they were living
 in Texas.  After Appellants moved back to North Carolina in 2005, Child visited
 with Father every other weekend until Mother told Father he could only visit
 Child at Mother's house.  Father testified that when he called, Mother told him
 Child did not want to talk to him, or Mother did not take his calls at all. 
 Father contends that these rebuffs from Mother regarding visitation explain his
 neglect.  Furthermore, Father was barred from visiting Child by court order
 from July 2008 to November 2010.  "Whether a parent's failure to visit or
 support a child is 'willful' within the meaning of the statute is a question of
 intent to be determined from all the facts and circumstances in each case, and
 the trial judge is given wide discretion in making this determination."  S.C.
 Dep't of Soc. Servs. v. M.R.C.L., 393 S.C. 387, ___, 712 S.E.2d 452, 455 (2011).  "While the trial judge is given wide
 discretion in making this determination, the element of willfulness must be
 established by clear and convincing evidence."  S.C. Dep't of Soc.
 Servs. v. Smith, 343 S.C. 129, 137, 538 S.E.2d 285, 289 (Ct. App. 2000).  In Wilson v. Higgins, 294 S.C. 300, 304-05, 363 S.E.2d 911, 914 (Ct. App.
 1987), rev'd in part on other grounds, Joiner ex rel. Rivas v. Rivas,
 342 S.C. 102, 536 S.E.2d 372 (2000), this court determined the mother did not
 willfully fail to visit her child when her visitation was discouraged by the
 custodial parent's placing strict limitations on her rights to visit her child. 
 Additionally, in Hardy v. Gunter, 353 S.C. 128, 138, 577 S.E.2d 231, 236
 (Ct. App. 2003), this court held it was improper to find a father willfully
 failed to visit his children when visitation was prohibited by court order.  Therefore,
 based on the family court's superior position to evaluate the witnesses' credibility
 and assign comparative weight to their testimony, and our review of the
 evidence, we find the evidence supports the family court's determination that
 Father did not willfully fail to visit Child.  
2. 
 Appellants argue the family court erred in failing to find Father had a
 diagnosable condition that he failed to remedy and prevented him from providing
 minimally acceptable care of Child.  However, Father testified he has been
 clean of drugs since leaving a rehabilitation center and has maintained the
 same job since he returned from the center, which requires him to take random
 drug testing.  Mother testified she did not know if Father had cured his drug
 addiction, and she did not have any proof that Father was still using drugs. 
 Therefore, because Mother has not proven by clear and convincing evidence that
 Father has not been rehabilitated, we find the evidence supports the family
 court's determination.  See Doe v. Roe, 386 S.C. 624, 630, 690
 S.E.2d 573, 577 (2010) ("Grounds for termination of parental rights must
 be proven by clear and convincing evidence.").
3. 
 Appellants argue the family court erred in failing to find it was in Child's
 best interests to terminate Father's rights and grant Stepfather's request to
 adopt Child.  However, the family court need only reach the question of the best
 interests of the child if it finds a statutory ground for termination of
 parental rights exists.  Loe v. Mother, 382 S.C. 457, 471, 675 S.E.2d
 807, 815 (Ct. App. 2009).
4. 
 Appellants argue the family court erred in granting Father's counterclaim for
 regular weekend visitation with Child without requiring his visits be
 supervised at all times, he undergo regular and random drug testing, and he attend
 counseling sessions.  Prior to the entry of the temporary order in 2008, Child's
 counselor recommended that Father participate in counseling first by himself
 and then with Child before any visitation began.  Also, in 2010, Child's
 counselor stated that because Father and Child had not had any contact for four
 years, it was "imperative for [Child's] mental health that contact be
 started slowly and with the help of a mediator, with whom [Child] feels
 comfortable."  Therefore, we remand this issue to the family court to set
 up a visitation schedule that will be increased gradually and monitored by the
 guardian ad litem and counselor.
AFFIRMED IN PART AND REMANDED IN PART.
SHORT, WILLIAMS, and GEATHERS, JJ., concur.