**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Lisa Sanders, Carlos Sanders, Shirley Cook, and Micah
Sanders, Defendants,

Of whom Carlos Sanders is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-000913

Appeal From Anderson County
Tommy B. Edwards, Family Court Judge

Unpublished Opinion No. 2016-UP-213
Submitted April 8, 2016 – Filed May 9, 2016

**AFFIRMED**

Donald Loren Smith, of Attorney Office of Donald
Smith, of Anderson, for Appellant.

Kathleen J. Hodges, of South Carolina Department of
Social Services, of Walhalla, for Respondent.

Brittany Dreher Senerius, of Senerius & Tye, Attorneys at Law, of Anderson, for the Guardian ad Litem.

---

**PER CURIAM:** Carlos Sanders (Father) appeals the family court's order removing his thirteen-year-old son (Son), nine-year-old daughter (Daughter 1), and six-year-old daughter (Daughter 2) (collectively, Children) from his home and approving a permanent plan of termination of parental rights (TPR) and adoption. On appeal, Father argues the family court erred in removing Children and approving the permanent plan of TPR and adoption because: (1) neither probable cause nor a preponderance of the evidence supported removal of Children from Father's home; (2) the family court failed to provide Father with due process; and (3) the Department of Social Services (DSS) failed to investigate Father's adult daughter for relative placement of Children while they remained in DSS custody. We affirm.[1]

We find Children's removal from Father's home was supported by a preponderance of the evidence: *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (stating the appellate court will affirm a family court's factual findings unless the findings are unsupported by the preponderance of the evidence); S.C. Code Ann. § 63-7-1660(E) (2010) ("The court shall not order that a child be removed from the custody of the parent or guardian unless the court finds that the allegations of the petition are supported by a preponderance of evidence[,] including a finding that the child is an abused or neglected child as defined in [s]ection 63-7-20 and that retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed."); S.C. Code Ann. § 63-7-20(4)(a) to (b) (2010) (stating a child is abused or neglected "when the parent, guardian, or other person responsible for the child's welfare: (a) inflicts . . . upon the child physical or mental injury . . . [or] (b) commits . . . against the child a sexual offense as defined by the laws of this State . . . ."); S.C. Code Ann. § 63-7-20(19) (2010) ("'Preponderance of evidence' means evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition."). We find the testimony of the doctor who performed Daughter 1 and Daughter 2's forensic medical examinations; the testimony of Daughter 2's teacher, school counselor, and DSS caseworker regarding Daughter 2's sexual abuse disclosures;

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

and Daughter 1's forensic interview supported Children's removal by a preponderance of the evidence.

Further, we find Father failed to preserve his second and third issues for appellate review. *See Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 105, 627 S.E.2d 765, 775 (Ct. App. 2006) (stating issues not raised to or ruled upon by the family court are not preserved for appellate review). Although this court may address unpreserved issues when necessary to protect the rights of minor children, we do not find it necessary to do so in this instance. *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000) (stating "procedural rules are subservient to the court's duty to zealously guard the rights of minors"); *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (declining to "exercise [its] discretion to avoid application of the procedural bar" in a case involving a minor child).

**AFFIRMED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**