**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Savilla James, Mary Duncan, and Jerome Duncan,
Defendants,

Of whom Savilla James is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2016-002211

———————————

Appeal From Lancaster County
W. Thomas Sprott, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-253
Submitted May 24, 2017 – Filed June 20, 2017

———————————

**AFFIRMED**

———————————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Shannon Lee Felder, of the South Carolina Department
of Social Services, of Lancaster, for Respondent.

Susan Margaret Johnston, of Columbia, for the Guardian ad Litem.

---

**PER CURIAM:**  Savilla James (Mother) appeals the family court's order, which awarded custody of her two minor children to their kinship caregivers and allowed DSS to close the case.  We affirm.[1]

"In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence."  *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009)).  However, this court is "not required to ignore the fact that the [family] court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony."  *Fiddie v. Fiddie*, 384 S.C. 120, 124, 681 S.E.2d 42, 44 (Ct. App. 2009).  Accordingly, "an appellant is not relieved of [the] burden to demonstrate error in the family court's findings of fact."  *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655.  This court will affirm the family court's findings unless the appellant shows the family court's findings are not supported by the preponderance of the evidence. *Id.*

We find Mother failed to show the preponderance of the evidence was against the family court's finding that a permanent plan of relative placement was in the best interest of the children.  The permanency planning statute allows the family court to award custody to "a suitable, fit, and willing relative" if it is in the best interest of the child.  S.C. Code Ann. § 63-7-1700(G) (Supp. 2016).[2]  During the hearing, the DSS caseworker testified Mother did not provide adequate supervision for the children despite DSS's efforts to assist her in doing so.  Further, the DSS caseworker testified Mother failed to consistently visit the children.  Additionally, the Guardian ad Litem (GAL) testified the children were prospering in their placements.  She explained Mother's ten-year-old son stated he wanted to remain with his uncle, where he had lived for seventeen months.  The GAL also expressed concerns about returning Mother's two-year-old son to her care because she was

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] We construe this judicial review hearing as a permanency planning hearing because the family court effectively set the permanent plan for the children as relative placement when it closed the case.  *See* S.C. Code Ann. § 63-7-1700(C) ("At the permanency planning hearing, the court shall approve a plan for achieving permanence for the child.").

not sure if he really knew Mother. We find the foregoing supports the family court's finding that a permanent plan of relative placement was in the children's best interest, and Mother has failed to show the family court's findings were against the preponderance of the evidence. *See Lewis*, 392 S.C. at 389, 709 S.E.2d at 654 (providing the appellate court will affirm the family court's findings unless the appellant satisfies his burden of showing the preponderance of the evidence is against the family court's findings).[3]

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[3] Mother's argument that the private custody factors from *Moore v. Moore*, 300 S.C. 75, 79, 386 S.E.2d 456, 458 (1989), should apply to DSS removal actions was not raised to the family court; therefore, it is not preserved. *See Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 105, 627 S.E.2d 765, 775 (Ct. App. 2006) (providing an issue not raised to and ruled upon by the family court is not preserved for review); *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (noting "procedural rules are subservient to the court's duty" to protect the rights of minors but "declin[ing] to exercise [its] discretion to avoid application of [a] procedural bar" (quoting *Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000))). Further, unlike *Moore*, the permanency planning hearing was governed by a statute. *Cf. Charleston Cty. Dep't of Soc. Servs v. King*, 369 S.C. 96, 103-04, 631 S.E.2d 239, 243 (2006) (declining to apply the *Moore* factors to a termination of parental rights because termination of parental rights is governed by statute).