**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Laray Alexander, Robert Reed, Tyheem Spencer, James Bradley, Anthony Conyers, Brandon Miller, Shirley Long, and Paula Conyers, Defendants,

Of whom Laray Alexander is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2017-001127

———————

Appeal From Spartanburg County
John M. Rucker, Family Court Judge

———————

Unpublished Opinion No. 2018-UP-129
Submitted February 22, 2018 – Filed March 23, 2018

———————

**AFFIRMED**

———————

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Robert C. Rhoden, III, of Spartanburg, and Amanda B. Stiles, of Greenville, both of the South Carolina Department of Social Services, for Respondent.

Jamia Diann Foster, of Spartanburg, for the Guardian ad Litem.

_____

**PER CURIAM:** Laray Alexander (Mother) appeals the family court's order terminating her parental rights to four of her seven children, Child A, Child J, Child L, and Child R (Children). On appeal, Mother argues (1) the family court erred in finding clear and convincing evidence supported termination of parental rights (TPR) of Mother on the statutory ground of failure to remedy, (2) TPR was not in Children's best interest, and (3) the family court erred in making a finding of physical neglect as to Child A, Child J, Child B, and Child X. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court the family court erred in its findings. *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2017). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

Initially, we note the family court found clear and convincing evidence supported TPR of Mother on two additional grounds that Mother did not appeal: (1) Mother harmed Children and due to the severity or repetition of the harm, Mother's home was not likely to be made safe within twelve months and (2) Child L and Child R were in foster care fifteen of the most recent twenty-two months. Although Mother did not appeal those grounds, we address the merits because "procedural rules are subservient to the court's duty to zealously guard the rights of minors." *Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000).

First, we find clear and convincing evidence supports the family court's finding Children were harmed and due to the severity or repetition of the harm, Mother's home was not likely to be made safe within twelve months. *See* S.C. Code Ann. § 63-7-2570(1) (Supp. 2017) (providing a statutory ground for TPR is met when "[t]he child or another child while residing in the parent's domicile has been harmed . . . and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"). In March 2015, Mother stipulated to a finding of physical neglect after she tested positive for marijuana and Robert Reed—Mother's then boyfriend and current husband—and Child A tested positive for cocaine. *See* S.C. Code Ann. § 63-7-20(6)(a) (Supp. 2017) (stating harm occurs when the parent "inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child"). Although Mother completed a substance abuse program at the Spartanburg Alcohol and Drug Abuse Center (SADAC) in January 2015, Mother tested positive for cocaine in March 2015 during her third trimester of pregnancy with her youngest child. Additionally, the family court and DSS deemed Mother to have tested positive on two drug tests after she failed to submit to two drug screens in August and December 2016. Finally, when the family court granted Mother custody of Child A and Child J, it ordered Reed have no contact with Child A and Child J because he had not completed his placement plan and continued to test positive for drugs. Paula Conyers and Shirley Long testified they saw Reed at Mother's home with Child A and Child J multiple times thereafter. Thus, because Mother was not able to address her drug abuse or adhere to the family court's order regarding Children's safety, we find clear and convincing evidence shows Mother harmed Children and due to the severity or repetition of the harm, Mother's home was not likely to be made safe within twelve months.

Second, we find clear and convincing evidence supports the family court's finding Mother failed to remedy the conditions causing Children's removal. *See* S.C. Code Ann. § 63-7-2570(2) (providing a statutory ground for TPR is met when a child has been removed from the parent, has been out of the home for six months following the adoption of a placement plan, and the parent has not remedied the conditions that caused the removal). Here, Child L and Child R were removed based on a failure to thrive and remained in foster care continuously for over thirty months. Shortly after they were removed, Child A and Child J were placed with relatives based on the fact Mother tested positive for marijuana and Child A tested positive for cocaine; Child A and Child J were in foster care just over twelve months. In March 2015, the family court ordered a placement plan that required Mother to (1)

successfully complete a drug assessment with SADAC and follow all recommendations from that assessment; (2) successfully complete SADAC's program; (3) submit to random drug screens; (4) successfully complete parenting classes; (5) complete a psychological evaluation and follow all recommendations; (6) provide appropriate housing that was "safe, free of drugs and environmental hazards, and provide[d] protection for the children"; and (7) maintain sufficient income to meet Children's basic needs.  The family court further emphasized the need for Mother to address the issues of drug abuse and "demonstrate protective capacity by understanding the effects of exposing the [C]hildren to illegal substances and ensure that [she would] maintain sobriety and refrain from parenting under the influence."  Although Mother completed the majority of her placement plan, she failed to remedy the issues of drug abuse.  After completion of the SADAC program in January 2015, she tested positive in March 2015 for cocaine, she failed to submit to two drug screens and was thus deemed by the family court and DSS to have tested positive, and she allowed Child A and Child J to have contact with Reed in contravention of the family court's order.  Accordingly, because Mother failed to complete the requirements of her placement plan, including a change in behavior, we find clear and convincing evidence shows Mother failed to remedy the conditions causing Children's removal.

Third, we find clear and convincing evidence showed Child L and Child R were in foster care fifteen of the most recent twenty-two months.  *See* S.C. Code Ann. § 63-7-2570(8) (Supp. 2017) (providing a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months").  They entered foster care on September 19, 2014, and remained there continuously for over thirty months before the TPR hearing on April 5-6, 2017.  Accordingly, we find clear and convincing evidence shows these children were in foster care fifteen of the most recent twenty-two months.

Fourth, we find TPR is in Children's best interest.  *See S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 454, 639 S.E.2d 165, 168 (Ct. App. 2006) ("In a [TPR] action, the best interest of the child is the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009) ("A primary objective of the TPR statutes is to free children for the stability adoption can provide.").  Jamie Smith, the DSS foster care worker, testified Children were fostered in the same home.  She stated Child L and Child R loved their foster parents, whom they had been living with since they were two months old.  Smith also stated the foster parents were pursuing adoption of Child L and Child R, and a friend of the foster parents were pursuing adoption of Child A and Child J.  Smith

testified Child A and Child J were exposed to a lot of activities, such as soccer, cheerleading, and gymnastics, and were doing well in their placement. Furthermore, the GAL believed TPR was in Children's best interests. Because it is unclear when, if ever, Mother will be able to "demonstrate protective capacity by understanding the effects of exposing the [C]hildren to illegal substances" and because Children need permanency and stability, we find TPR is in Children's best interest. *See Janice C.*, 383 S.C. at 230, 678 S.E.2d at 468 ("A primary objective of the TPR statutes is to free children for the stability adoption can provide.").

Finally, we find a preponderance of the evidence supports the family court's finding Mother physically neglected Child A, Child J, Child B, and Child X. S.C. Code Ann. § 63-7-1660(e) (2010) (stating removal of a child from the custody of a parent shall not be ordered "unless the court finds that the allegations of the petition are supported by a preponderance of evidence including a finding that the child is an abused or neglected child as defined in [s]ection 63-7-20 [of the South Carolina Code (Supp. 2017)] and that retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being"); § 63-7-20(6)(a) & (f) (explaining "[c]hild abuse or neglect" or "'harm' occurs when the parent . . . (a) inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ." and "(f) has committed abuse or neglect as described in subsections (a) through (e) such that a child who subsequently becomes part of the person's household is at substantial risk of one of those forms of abuse or neglect"). In September 2015, the family court ordered Reed have no contact with Mother "or the minor children while the children are having visitation with [Mother]," this included Child B and Child X. The family court further found in January 2016 that Child A and Child J could be returned to Mother but Mother was not to allow contact between them and Reed. Conyers and Long both testified Mother allowed Reed to have contact with the Child A, Child J, Child B, and Child X. Moreover, Reed tested positive for cocaine during this time. Accordingly, we find a preponderance of the evidence showed Mother physically neglected Child A, Child J, Child B, and Child X by disregarding a court order prohibiting their contact with Reed.

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.