**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Lakisha Dennis and Shonetone Hines, Appellants.

Appellate Case No. 2014-000127

Appeal From Charleston County
A. E. Morehead, III, Family Court Judge

Unpublished Opinion No. 2014-UP-458
Submitted November 14, 2014 – Filed December 10, 2014

**AFFIRMED**

Candace Hope Grant, of Babb Law Firm, of Charleston, for Appellant Lakisha Dennis.

Thomas Dyllan Rankin, of The Law Office of T. Dyllan Rankin, LLC, of Charleston, for Appellant Shonetone Hines.

Sally R. Young, of the South Carolina Department of Social Services, of North Charleston, for Respondent.

Jessica Lynn Means, of Means Law Firm, LLC, of Charleston, for the Guardian ad Litem.

---

**PER CURIAM:** In this consolidated appeal, Lakisha Dennis (Mother) and Shonetone Hines (Father) argue the family court (1) violated due process by ordering termination of parental rights (TPR) rather than placing their son (Child) with a fit and willing relative and (2) erred in finding TPR was in Child's best interest. We affirm.

The family court may order TPR upon finding at least one statutory ground is satisfied and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the trial court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 652. The burden is upon the appellant to convince this court that the family court erred in its findings. *Id.*

We find the family court did not violate due process by ordering TPR rather than placing Child with a relative. Although the interest of parents in the care, custody, and control of children is a fundamental right, that right is not absolute. *See Hooper v. Rockwell*, 334 S.C. 281, 294, 513 S.E.2d 358, 365 (1999) (finding the South Carolina emergency protective custody statute does not violate the federal constitution). When Mother and Father engaged in actions that harmed Child, the State could intervene pursuant to the removal statutes without violating due process. *See* S.C. Code Ann. § 63-7-620(A)(1) (2010) (providing a law enforcement officer "may take emergency protective custody of a child" without the parents' consent if "the officer has probable cause to believe that by reason of abuse or neglect the child's life, health, or physical safety is in substantial and imminent danger"); S.C. Code Ann. § 63-7-660 (2010) (providing the Department of Social Services (DSS) may assume legal custody of a child if it determines there is probable cause to believe "the child's life, health, or physical safety is in imminent and substantial danger" due to abuse or neglect); S.C. Code Ann. § 63-7-740(A) (2010) (stating "[t]he family court may order ex parte that a child be taken

into emergency protective custody without the consent of parents" if the family court determines there is probable cause to believe the child's life, health, or physical safety is in imminent and substantial danger due to abuse or neglect and the parents cannot be located or do not consent).  Because due process allows the State to intervene with a parent's custody and control of children when imminent harm is likely, and because Mother and Father's history of domestic violence and drug use placed Child at a risk of imminent harm, the State's removal of Child did not violate due process.[1]

Further, Mother and Father were afforded sufficient due process at the TPR hearing.  *See Santosky v. Kramer*, 455 U.S. 745, 747-48 (1982) ("Before a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence.").  Mother and Father received notice of the TPR hearing, were represented by counsel, and had an opportunity to cross-examine DSS's witnesses and present their own witnesses and testimony.  As discussed below, we find clear and convincing evidence establishes at least one statutory ground for TPR and shows TPR is in Child's best interest.  Thus, the family court did not violate Mother and Father's due process rights by ordering TPR.

As to the statutory grounds, we find clear and convincing evidence shows Mother and Father willfully failed to support Child.[2]  A statutory ground for TPR exists when a child has lived outside the home of either parent for at least six months and the parent has willfully failed to support the child.  S.C. Code Ann. § 63-7-2570(4) (2010).

---

[1] At the TPR hearing, two relatives testified DSS did not respond to them when they contacted DSS about relative placement.  However, neither relative moved to intervene or otherwise pursued any of their own remedies.  *See* S.C. Code Ann. § 63-7-1700(J) (Supp. 2013) ("[A] party in interest may move to intervene in the case pursuant to the rules of civil procedure and if the motion is granted, may move for review.").

[2] Although Mother and Father do not appeal the family court's finding that clear and convincing evidence proves statutory grounds for TPR, we address it because this case involves a minor child.  *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000) ("[P]rocedural rules are subservient to the court's duty to zealously guard the rights of minors.").

> Failure to support means that the parent has failed to make a material contribution to the child's care. A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means.

*Id.*

Mother failed to provide any support for Child even though she testified she earned some money and her mother supported her financially. The only support Father provided was a single contribution of clothes and $100.00 made by his brother; however, this single contribution does not constitute material support. Despite being ordered by the family court to report to the office of child support enforcement to be screened for child support obligations, neither parent reported. Although Father testified he was not financially able to support Child, he could have provided something more than he did or reported to child support enforcement to be screened for child support obligations. Mother and Father's failure to report to child support enforcement or provide material support shows a conscious disregard for Child's well-being and constitutes willful failure to support. Thus, we find clear and convincing evidence supports this ground.[3]

Finally, we find clear and convincing evidence shows TPR is in Child's best interest. "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ." S.C. Code Ann. § 63-7-2510 (2010). In a TPR proceeding, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interest[] of the child shall prevail if the child's interest and the parental rights

---

[3] Because DSS needs to prove only one statutory ground for TPR, and because neither Mother nor Father appealed the statutory grounds, we decline to address the remaining TPR grounds. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating an appellate court does not need to address a TPR ground if it finds clear and convincing evidence supports another TPR ground).

conflict." S.C. Code Ann. § 63-7-2620 (2010). "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013). "The termination of the legal relationship between natural parents and a child presents one [of] the most difficult issues this [c]ourt is called upon to decide." *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005). "We exercise great caution in reviewing termination proceedings and will conclude termination is proper only when the evidence clearly and convincingly mandates such a result." *Id.*

At the time of the TPR hearing, neither Mother nor Father could provide a suitable or stable home for Child. Mother failed to obtain treatment for her drug addiction, and Father, who was incarcerated, continued to deny abusing Mother despite clear and convincing evidence to the contrary. Child, who has been in foster care his entire life, has not developed a significant bond with Mother or Father. The child's foster parents and his uncle both testified they were interested in adopting him; thus, once TPR is affirmed, the evidence suggests Child will achieve stability through adoption. *See* § 63-7-2510 ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."). Accordingly, we find clear and convincing evidence shows TPR is in Child's best interest.

**AFFIRMED.**[4]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.