**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jessica Galvin, Joseph Orr, Trevier Johnson, Jennifer Parker, and Sherri Housey, Defendants,

Of whom Jessica Galvin is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-001768

Appeal From Jasper County
Gordon B. Jenkinson, Family Court Judge

Unpublished Opinion No. 2016-UP-396
Submitted May 24, 2016 – Filed July 29, 2016

**AFFIRMED**

Marshall L. Horton and Lindsay Yoas Goodman, both of Horton & Goodman, LLC, of Bluffton, for Appellant.

Scarlet Bell Moore, of Greenville, and Tracy O'Kelly Klatt, of the South Carolina Department of Social Services, of Beaufort, for Respondent.

Gregory Michael Galvin, of Galvin Law Group, of Bluffton, for the Guardian ad Litem.

---

**PER CURIAM:**  Jessica Galvin (Mother) appeals the family court's order granting legal and physical custody and guardianship of Minors 1, 2, and 3 (collectively "Minor Children") to two alternate caregivers and allowing DSS to close its case against her.  On appeal, Mother argues the family court erred because the facts do not support the decision to grant custody to the alternate caregivers and the family court did not have the statutory authority to finalize custody in a judicial review hearing.  We affirm.

"In appeals from the family court, [an appellate court] reviews factual and legal issues de novo."  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  "[An] appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence.  However, this broad scope of review does not require [the appellate court] to disregard the findings of the family court."  *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009)).  "[W]hile retaining the authority to make our own findings of fact, [appellate courts] recognize the superior position of the family court . . . in making credibility determinations."  *Id.* at 392, 709 S.E.2d at 655.  Therefore, "an appellant is not relieved of his burden to demonstrate error in the family court's findings of fact."  *Id.*  "Consequently, the family court's factual findings will be affirmed unless [the] 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'"  *Id.* (alteration in original) (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899)).

First, we find Mother has failed to show that the preponderance of the evidence is against the family court's findings.  Mother denied using drugs and averred the positive drug tests were caused by her sexual relationship with Johnson.  We acknowledge Mother's *prescheduled* urine tests were negative for cocaine and an expert in forensic toxicology opined cocaine could enter a person's system through unprotected sexual intercourse.  However, the forensic toxicologist also testified urine tests only indicate cocaine usage within the previous 24-36 hours.  In contrast, the hair follicle tests show drug usage within the previous three months.  The family court was in a better position to judge Mother's demeanor and credibility to determine whether she was telling the truth.  Because we find the issue of Mother's positive drug tests hinged on Mother's credibility, we defer to the

family court. *See Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 ("[W]hile retaining the authority to make our own findings of fact, [appellate courts] recognize the superior position of the family court . . . in making credibility determinations.").

To that end, we find Mother had significant credibility issues. Mother was not candid with the family court regarding her relationship with Trevier Johnson, an admitted drug abuser and the father of two of Mother's children. While Mother initially testified she dated Johnson for one year prior to the hearing, she later acknowledged she had dated Johnson "off and on" for the last ten years. Mother also testified she had "cut all relationships" with individuals using drugs after she continued to test positive for cocaine. However, Johnson testified he had seen Mother the day before the hearing and they had an intimate relationship one week prior to the hearing.

Therefore, we find Mother's positive hair follicle tests, combined with her credibility issues regarding her continued relationship with a known cocaine user, supports the family court's decision that it is in the best interests of the Minor Children to place custody with the alternate caregivers.

Last, we find Mother's second argument is unpreserved. *See McComb v. Conard*, 394 S.C. 416, 426, 715 S.E.2d 662, 667 (Ct. App. 2011) ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review." (alteration in original) (quoting *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006))). Mother did not raise this issue after the family court's ruling from the bench at the conclusion of the hearing or in a Rule 59(e), SCRCP, motion following the court's written order. Therefore, we decline to address this issue. *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (noting "'procedural rules are subservient to the court's duty'" to protect the rights of minors but "declin[ing] to exercise [its] discretion to avoid application of the procedural bar" (quoting *Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.