**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Ashley Marie Cole, Blake Parks, and John Doe,
Defendants,

Of whom Ashley Marie Cole is the Appellant.

In the interest of a minor under the age of eighteen

Appellate Case No. 2016-002555

———————

Appeal From Chesterfield County
Michael S. Holt, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-307
Submitted June 27, 2017 – Filed July 20, 2017

———————

**AFFIRMED**

———————

Earnest Deon O'Neil, of Columbia, for Appellant.

Sarah Crawford Campbell, of Cockrell Law Firm, P.C.,
of Chesterfield, as the Guardian ad litem for Appellant.

Delton W. Powers, Jr., of Powers Law Firm, PC, of Bennettsville, for Respondent.

C. Heath Ruffner, of Harris McLeod & Ruffner, of Cheraw, for the Guardian ad Litem for the minor.

————————

**PER CURIAM:** Ashley Marie Cole (Mother) appeals the family court's order terminating her parental rights to her minor child (Child).[1] On appeal, Mother argues clear and convincing evidence does not support the statutory grounds for termination of parental rights (TPR). Mother also argues TPR is not in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court the family court erred in its findings. *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2016). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence supports TPR based on a diagnosable condition that was unlikely to change and that made Mother unlikely to provide minimally acceptable care to Child. *See* S.C. Code Ann. § 63-7-2570(6) (Supp. 2016) ("The family court may order [TPR] upon a finding . . . [t]he parent has a diagnosable condition unlikely to change within a reasonable time including, but not limited to . . . mental deficiency . . . and the condition makes the parent unlikely to provide minimally acceptable care of the child."). DSS presented evidence Mother had a mental disability that made her unlikely to provide

_____

[1] The family court also terminated the parental rights of Blake Parks and John Doe but neither appealed.

minimally acceptable care for Child.  Mother was not able to properly feed or hold Child nor was she aware of appropriate sleeping arrangements for a sixteen-month-old.  Additionally, Mother's lack of knowledge could not be remedied because Mother was considered so low functioning that no parenting services could be provided to her.  Furthermore, Child had physical and mental disabilities that required additional care.  Accordingly, this court finds clear and convincing evidence showed Mother had a diagnosable condition that made it unlikely she could provide minimally acceptable care to Child.[2]

We also find TPR is in Child's best interest.  "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."  S.C. Code Ann. § 63-7-2510 (2010).  In a TPR case, the best interest of the child is the paramount consideration.  *S.C. Dep't of Soc. Servs. v. Smith,* 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "The interest[] of the child shall prevail if the child's interest and the parental rights conflict."  S.C. Code Ann. § 63-7-2620 (2010).  Here, DSS showed Child had severe disabilities, both mentally and physically, that required him to attend doctor appointments several times a week.  Mother did not have the means to transport Child on her own and based on the testimony provided, Mother did not have consistent or reliable assistance from family members.  Additionally, the DSS caseworker believed Mother and Child did not have a bond.  Considering Child's medical needs, Mother and Child's lack of bond, Mother's mental disability, Mother's lack of support, and Mother's inability to transport Child to his doctor appointments we find TPR was in Child's best interest.[3]

**AFFIRMED.**[4]

---

[2] Because we find clear and convincing evidence supports a statutory ground for TPR, we decline to address any remaining TPR grounds.  *See S.C. Dep't of Soc. Servs. v. Headden,* 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating when clear and convincing evidence exists to affirm TPR on one ground, the appellate courts may decline to address any remaining TPR grounds on appeal).

[3] Mother's argument that TPR statutes should be strictly construed in favor of preserving the relationship of parent and child without merit.  *See Joiner ex rel. Rivas v. Rivas,* 342 S.C. 102, 108-09, 536 S.E.2d 372, 375 (2000) (holding statutes providing for TPR need not be strictly construed in favor of preserving the relationship of parent and child).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**