**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Carla Bennefield, Joe McWhite, Sr., and Jamie Crider,
Defendants,

Of whom Carla Bennefield is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2017-000289

Appeal From Greenville County
Karen S. Roper, Family Court Judge

Unpublished Opinion No. 2017-UP-431
Submitted October 11, 2017 – Filed November 9, 2017

**AFFIRMED**

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Andrew Troy Potter, of Anderson, for Respondent.

Megan Goodwin Burke, of Greenville, for the Guardian ad Litem.

———————

**PER CURIAM:**  Carla Bennefield (Mother) appeals the family court's order terminating her parental rights to her minor Child.[1]  On appeal, Mother argues the family court erred in finding clear and convincing evidence supported termination of parental rights (TPR) on the statutory grounds of willful failure to support and willful failure to visit.  Additionally, Mother argues TPR was not in Child's best interest.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  The burden is upon the appellant to convince this court the family court erred in its findings.  *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2017).  The grounds for TPR must be proved by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

First, we find clear and convincing evidence showed Child was in foster care fifteen of the most recent twenty-two months.[2]  *See* S.C. Code Ann. § 63-7-2570(8) (Supp. 2017) (providing a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months.").  Child entered foster care on April 6, 2015, and remained there continuously for over seventeen months before the TPR hearing.

---

[1] The family court also found clear and convincing evidence supported TPR of Joe McWhite, Sr.; however, McWhite has not appealed.

[2] Mother did not appeal this TPR ground; however, we address the merits because "procedural rules are subservient to the court's duty to zealously guard the rights of minors." *Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000).

Further, our review of the record shows Mother—not the Department of Social Services (DSS)—caused the delay in reunification by her failure to engage in treatment services and her subsequent incarceration. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) (providing a court applying this statutory ground "must find that severance is in the best interests of the child, and that the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected"). Accordingly, we find clear and convincing evidence shows Child was in foster care fifteen of the most recent twenty-two months.

Second, we find clear and convincing evidence supports TPR based on Mother's willful failure to visit Child. *See* S.C. Code Ann. § 63-7-2570(3) (Supp. 2017) (providing a statutory ground for TPR is met when a child has lived outside the home of the parent for six months and the parent has willfully failed to visit the child). Here, although the record was unclear as to what date Mother last visited Child before her incarceration on February 29, 2016, Mother had no physical contact with Child during her imprisonment. Patience Johnson, a foster care worker at DSS, testified Mother sent one letter to Child in September 2016 but otherwise attempted no contact with Child through the time of the TPR hearing in November 2016. *See Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52 (explaining that although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony). Thus, we find clear and convincing evidence shows Mother willfully failed to visit Child.[3]

Finally, we find TPR is in Child's best interest. "In a [TPR] action, the best interest of the child is the paramount consideration." *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 454, 639 S.E.2d 165, 168 (Ct. App. 2006). "A primary objective of the TPR statutes is to free children for the stability adoption can provide." *S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009); *see also* S.C. Code Ann. § 63-7-2510 (2010). During the more than three years Child was outside of Mother's home, Mother was unable to complete any of

---

[3] Because we find clear and convincing evidence supports this ground, we decline to address the remaining TPR ground. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address additional grounds for TPR when clear and convincing evidence justified TPR on another ground).

the recommended drug treatment programs, maintain suitable housing, or attend parenting classes. The Guardian ad Litem's (GAL's) report stated she "regularly observed [Mother] to be inebriated from the use of alcohol." Moreover, the GAL's report further stated Mother was consistently homeless or incarcerated for most of the case. Thus, we find Mother being able to provide a suitable home in the foreseeable future is unlikely. Even if Mother is paroled on her eligible date in November 2017, Child is now almost six; he has spent the majority of his life outside of Mother's custody due to her drug and alcohol use and criminal charges. According to Johnson, Child made a lot of behavioral progress in foster care and his foster parents were interested in adopting him. Accordingly, because it appears Child will achieve much needed permanency and stability through TPR and adoption, we find TPR is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009) ("A primary objective of the TPR statutes is to free children for the stability adoption can provide.").

**AFFIRMED.**[4]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.