**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Doris A. McCollin and Ernest Kinloch, Defendants,

Of whom Doris A. McCollin is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2017-001179

---

Appeal From Dorchester County
Nancy C. McLin, Family Court Judge

---

Unpublished Opinion No. 2018-UP-336
Submitted July 9, 2018 – Filed July 23, 2018

---

**AFFIRMED**

---

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Mary Lee Briggs, of Charleston, for the Guardian ad Litem.

**PER CURIAM:**  Doris A. McCollin (Mother) appeals the family court's order terminating her parental rights to her eight-year-old son (Child).  The family court found clear and convincing evidence supported termination of parental rights (TPR) because (1) Mother failed to remedy the conditions causing removal and (2) Child was in foster care for fifteen of the most recent twenty-two months.  On appeal, Mother argues the family court erred in ordering TPR and applying the statutory ground that Child had been in foster care for fifteen of the most recent twenty-two months.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is satisfied and TPR is in the child's best interest.  S.C. Code Ann. § 63-7-2570 (Supp. 2017).  The grounds for TPR must be proved by clear and convincing evidence*.  S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

Initially, Mother did not appeal the statutory ground of failure to remedy, and this unappealed ruling is the law of the case.  *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) ("This unappealed ruling is the law of the case and requires affirmance."); *id.* at 65, 624 S.E.2d at 654 (acknowledging "procedural rules are subservient to the court's duty to zealously guard the rights of minors" but "declin[ing] to exercise its discretion to avoid application of the procedural bar" (quoting *Joiner ex. rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000))).

Further, the family court properly applied the statutory ground that Child had been in foster care for fifteen of the most recent twenty-two months.  *See* § 63-7-2570(8) (providing a statutory ground for TPR is met when a "child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-7-2570(8) may not be used to sever parental rights

based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find that severance is in the best interests of the child, and that the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."). We acknowledge the merits removal hearing was not timely held; however, after that hearing, the family court ordered Mother to complete a placement plan and timely held permanency planning hearings at which it could review the status of the case and Mother's progress. The merits removal hearing was held in March 2014, and Child remained in foster care until the July 2016 TPR hearing—a period of more than fifteen months. Child's continuation in foster care was due to Mother's failed drug tests in April 2014 and April 2016 and her failure to obtain stable housing and employment throughout the three years this action was pending rather than any dilatory actions by DSS. Thus, the family court properly applied this ground.

Finally, TPR is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing the best interest of the child is the paramount consideration in a TPR case); S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

First, based on the evidence presented, it is unlikely Mother will provide a stable home for Child in the foreseeable future. Although Mother has been working, she changed jobs and homes very frequently. Child's Guardian ad Litem (the GAL) testified Mother had at least eight homes during the three years Child was in foster care. Likewise, when asked whether she had eight jobs in the prior three years, Mother replied, "I've had more than that." Although some of her reasons for leaving a job or moving were understandable—such as desiring more hours or wanting to be closer to work—Mother often could not provide an explanation for the change or simply stated she did not like the job. Based on her history of instability, it is unlikely Mother can provide a stable home for Child. Further, Mother failed a drug test in April 2016—just three months prior to the TPR hearing. Although Mother stated she was in treatment at the time of the TPR hearing, the April 2016 positive drug test is concerning based on the length of time

Child was in foster care and the gravity of what was at stake. Thus, it is unlikely Mother can provide a suitable home for Child in the foreseeable future.

Second, Child has significant medical and behavioral issues, and based on Mother's history of instability, it is unlikely she can manage his condition. At the time of the TPR hearing, Child attended one to four medical and behavioral appointments per week and saw at least four different specialists. Based on Mother's instability over the three years preceding the TPR hearing, it is unlikely Mother can give Child the structure he needs.

Third, this case has lingered for years, and permanency is in Child's best interest. Although Child's current foster mother believed she was too old to adopt Child, she stated she would remain his foster mother as long as necessary. Further, the evidence showed Child's foster mother provides him the structure he needs and he has improved under her care. Thus, it appears Child will have stability in the home he has been in until DSS can find a suitable adoptive home. We acknowledge Mother's concerns about Child's adoptability; however, the GAL believed Child was a good candidate for adoption, and the DSS caseworker explained DSS would have additional resources to find an adoptive home for Child once he was legally free for adoption. Overall, Child is relatively young and will benefit from having a permanent and stable home, and freeing him for adoption will make that goal more likely. Thus, TPR is in his best interest. *See S.C. Dep't of Soc. Servs. v. Cameron N.F.L.*, 403 S.C. 323, 331, 742 S.E.2d 697, 701 (Ct. App. 2013) ("Our determination is based solely on the unique facts presented in this case, and we view this decision from the perspective of [the c]hild and not [the m]other.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.