**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Traci M. Barr and Tracy L. Woodward, Appellants,

v.

Ebben Alley, Kyna Oliver, and South Carolina
Department of Social Services, Respondents.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-001029

———————

Appeal From Lexington County
Vicki J. Snelgrove, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-359
Submitted September 1, 2019 – Filed November 6, 2019

———————

**AFFIRMED**

———————

Carrie Ann Warner, of Carrie A. Warner, Attorney at
Law, LLC, of Columbia, for Appellants.

Sandra Dooley Parker, of The Dooley Law Firm, PA, of
Lexington, for Respondent Ebben Alley.

Melinda Q. Taylor, of South Carolina Legal Services, of
Columbia, for Respondent Kyna Oliver.

Rebecca Marie Farmer, of Lexington, for Respondent South Carolina Department of Social Services.

_____

**PER CURIAM:**  Traci M. Barr and Tracy L. Woodward (collectively, Appellants) appeal the family court's order dismissing their action seeking custody of a seventeen-year-old male (Child).  On appeal, Appellants argue the family court erred in finding they lacked standing to seek custody of Child.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  The burden is upon the appellant to convince this court that the family court erred in its findings.  *Id.* at 385, 709 S.E.2d at 652.

Appellants filed this action seeking custody of Child, alleging Child's legal guardian "communicated she no longer desire[d] to care for [Child] and want[ed] to place him back in foster care or send him to a school for children with severe behavioral issues."  Child's legal guardian filed an answer and a motion to dismiss, arguing Appellants lacked standing because they were not Child's de facto custodians.  *See* S.C. Code Ann. § 63-15-60 (2010) (providing a person is a de facto custodian if they "have been the primary caregiver for and financial supporter of a child who: (1) has resided with the person for a period of six months or more if the child is under three years of age; or (2) has resided with the person for a period of one year or more if the child is three years of age or older").  The family court properly found Appellants did not meet the criteria for de facto custodians because Child never lived with Appellants.

On appeal, Appellants assert for the first time that they had standing to bring their action under section 63-3-550 of the South Carolina Code (2010).[1]  In *Jobst v. Jobst*, this court held section 63-3-550 granted standing to any person who believes

_____

[1] Although this argument is not preserved, we address the merits because it impacts a minor child.  *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000) ("[P]rocedural rules are subservient to the court's duty to zealously guard the rights of minors.").

a child has been abused or neglected. 424 S.C. 64, 76, 817 S.E.2d 515, 522 (Ct. App. 2018), *cert. denied*, S.C. Sup. Ct. Order dated Dec. 13, 2018. In affidavits filed with their complaint, Appellants listed their concerns with the legal guardian's care of Child, including their concerns with Child's sleeping conditions in the home, Child's academic and behavioral struggles, and the guardian's intention to send Child to a school for children with severe behavioral issues. However, Appellants failed to allege the guardian neglected Child. Thus, Appellants lacked standing under section 63-3-550 to bring an action for custody of Child. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the [family] court must base its ruling solely on allegations set forth in the complaint."). Accordingly, the family court's order dismissing the case is

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.