**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Frances Matyjasik and Angela Marie Matyjasik, Respondents,

v.

Matthew William Brenner, Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-002098

———————

Appeal From Aiken County
Matthew P. Turner, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-375
Submitted October 24, 2019 – Filed December 4, 2019

———————

**AFFIRMED**

———————

Brian Austin Katonak, of Law Office of Brian Katonak, PA, of Aiken, for Appellant.

Amber Cary Fulmer and William Benito Fortino, both of Moore Taylor Law Firm, P.A., of West Columbia, for Respondent.

Barbara Grimes, as the Guardian ad Litem, pro se.

———————

**PER CURIAM:** Matthew William Brenner (Father) appeals the family court's order terminating his parental rights to his minor child (Child) and granting the petition of Michael Frances Matyjasik (Stepfather) to adopt Child. On appeal, Father argues clear and convincing evidence did not support termination of parental rights (TPR) on the grounds of willful failure to visit and support Child. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court the family court erred in its findings. *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2019). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence shows Father willfully failed to support Child. *See* S.C. Code Ann. § 63-7-2570(4) (Supp. 2019) (providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully failed to support the child."). Although Father contends he first became aware of a May 2017 North Carolina order requiring him to pay child support in the amount of $585.76 a month at the 2018 TPR hearing, Father received a February 2015 North Carolina order directing him to pay child support in an unspecified amount. Moreover, Father did not need to be notified of his duty to support Child in order for his failure to support to serve as a ground for TPR. *See Parker*, 336 S.C. at 258, 519 S.E.2d at 356 (finding nothing in section 63-7-2570(4) "requires a parent be 'notified' of his duty to support . . . before failure to discharge [that duty] may serve as grounds for [TPR]"). With the exception of a gift he sent to Child for Easter 2015, Father last provided support for Child prior to 2015. Although Father testified he was homeless and struggled to find consistent work in 2015, 2016, and 2017, nothing in the record showed Father was unable to work except for the few

months he was in prison. Further, during that time Father worked sporadically for his Father and for a few months at Letica Corporation. Moreover, Father obtained two jobs in April 2018, and at the time of the TPR hearing on September 7, 2018, Father had provided no monetary support for Child. At the hearing, Father acknowledged he had the ability to pay child support with his current income. Thus, clear and convincing evidence supports this ground.[1]

Additionally, we find TPR was in Child's best interest.[2] *See S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 454, 639 S.E.2d 165, 168 (Ct. App. 2006) ("In a [TPR] action, the best interest of the child is the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009) ("A primary objective of the TPR statutes is to free children for the stability adoption can provide."). In February 2015, following a hearing at which Father did not appear, a North Carolina court granted Angela Marie Matyjasik (Mother) primary custody of Child and granted Father visitation with Child once a week by phone or Skype. The order further provided Father had nine months to move for further contact with Child, or the order would "become[] permanent." Father did not move for additional visitation. Following the February 2015 order, Father's contact with Child was sporadic; with the exception of his time in prison, Mother testified Father would call "every Wednesday for a couple of months" and then Child would not hear from him for a week or two. At one point Father did not contact Child for three months. Mother also testified Father did not inform Child he would be in prison for eight months—from July 2017 until March 2018—and unable to call. Additionally, Mother stated that in the three weeks prior to the TPR hearing, Father called only once. Further, Father's criminal history is also concerning. Following his divorce with Mother, Father was convicted of possession of drug paraphernalia and misdemeanor theft in 2015, and in 2017, Father was convicted of second-degree robbery. Due to Father's limited visitation and recent incarceration, he has not been a stable figure in Child's life. In contrast, Stepfather had acted as Child's physical father for years, and Child's guardian ad litem testified she "d[id not] see any negative ramifications for [Child] if Father's

---

[1] Because one ground supports TPR, we decline to address the remaining ground on appeal. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address remaining TPR grounds when clear and convincing evidence supported a different ground).

[2] Although Father did not raise this issue, we consider it ex mero motu because "procedural rules are subservient to the court's duty to zealously guard the rights of minors." *Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000).

rights were terminated." Based on Father's instability, his failure to consistently avail himself of contact with Child, and Child's need for stability and permanency, we find TPR is in Child's best interest.

**AFFIRMED.**[3]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.