**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Yolanda Carmenati a/k/a Yolanda Rubin DeCelis and
Benito Hernandez-Ortuno, Defendants,

Of whom Benito Hernandez-Ortuno is the Appellant

and

Yolanda Carmenati a/k/a Yolanda Rubin DeCelis is a
Respondent.

In the interest of minors under the age of eighteen.

Appellate Case No. 2020-000456

Appeal From Richland County
Michelle M. Hurley, Family Court Judge

Unpublished Opinion No. 2020-UP-277
Submitted August 31, 2020 – Filed September 28, 2020

**AFFIRMED**

Drake Hunter Kaiser, of Kaiser Reddick, LLC, of Columbia, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent South Carolina Department of Social Services.

Patrick H. Nance, of Patrick H. Nance, Attorney at Law, of Columbia, for Respondent Yolanda Carmenati.

Tiffany J. Lumpkin, of Richland County CASA, of Columbia, for the Guardian ad Litem for children.

Lyn Howell Hensel, of Law Office of Lyn Howell Hensel, of Columbia, for the Guardian ad Litem for the appellant.

---

**PER CURIAM:** Benito Hernandez-Ortuno (Father) appeals an order terminating his parental rights to his minor children. On appeal, Father argues the family court erred in finding he willfully failed to support the children, willfully failed to visit them, and abandoned them. He also argues the family court erred in applying the statutory ground that the children were in foster care for fifteen of the most recent twenty-two months, and in finding termination of parental rights (TPR) was in the best interest of the children. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the best interest of the children. S.C. Code Ann. § 63-7-2570 (Supp. 2019). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

First, clear and convincing evidence showed Father willfully failed to visit the children. *See* § 63-7-2570(3) (providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to visit the child"). We acknowledge Father was prohibited from in-person visits due to his detention and subsequent deportation.[1] However, when determining whether a parent's failure to visit is willful, our courts consider whether a parent who cannot visit in-person has attempted to call or send letters to his children. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 609-11, 582 S.E.2d 419 (2003) (considering the lack of letters and phone calls from a mother who moved to Tennessee when finding she willfully failed to visit); *Leone v. Dilullo*, 294 S.C. 410, 413-14, 365 S.E.2d 39, 41 (Ct. App. 1987) (considering the lack of letters and phone calls from a mother who moved to Connecticut when finding she willfully failed to visit), *overruled on other grounds by Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 536 S.E.2d 372 (2000); *S.C. Dep't of Soc. Servs. v. Smith*, 423 S.C. 60, 83, 814 S.E.2d 148, 160 (2018) (considering an incarcerated father's lack of phone calls and letters when determining he willfully failed to visit); *Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 91-93, 627 S.E.2d 765, 768-69 (Ct. App. 2006) (reversing the family court's finding that an incarcerated father willfully failed to visit when the father "engaged in an exhaustive letter-writing campaign to learn the whereabouts of" his child, began writing DSS after learning his child was in DSS's custody, and "asked for [his c]hild's address so he could write [him]"). Jessica Headen, a foster care case manager for the Department of Social Services (DSS), testified Father "was getting phone calls with the kids through the foster parent," but those calls ended "over a year" before the TPR hearing. Headen was unsure why the calls ended; she explained, "[F]ather stopped calling and answering the calls when the kids were calling him." Based on evidence showing Father stopped communicating by phone with the children "over a year" before the TPR hearing, we find his failure to visit was willful.

Second, clear and convincing evidence showed Father willfully failed to support the children. *See* S.C. Code Ann. § 63-7-2570(4) (providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child"). Although evidence showed Father was employed and had a bank account he regularly deposited money into, Headen testified Father never

---

[1] Father is a Mexican citizen. He was deported shortly after this removal action began. He re-entered the United States and was detained in Texas. By the time of the TPR hearing, Father had again been deported to Mexico.

contributed toward the children's care.  On appeal, Father contends for the first time his failure to provide support was not willful because based on the exchange rate, he only had about $656.82 United States dollars in his account.  However, the record on appeal does not contain Father's bank records, so this court cannot verify how much Father actually had in his account.  Further, based on the fact Father had a job, we find he could have contributed *something* more than nothing for the support of the children, and his failure to do so constituted willful failure to support.

Third, clear and convincing evidence showed Father abandoned the children.  *See* S.C. Code Ann. § 63-7-2570(7) (providing a statutory ground for TPR is met when "the child has been abandoned").  Although Father's unlawful acts, which led to his detention and subsequent deportation, is a factor the court can consider when determining whether Father abandoned the children, it is not dispositive.  *See Smith*, 423 S.C. at 77, 814 S.E.2d at 156-57 ("Terminating the parental rights of an incarcerated parent requires consideration of all of the surrounding facts and circumstances in the determination of wilfulness.  The voluntary pursuit of lawless behavior is one factor which may be considered, but generally is not determinative.").  Headen stated Father had regular phone contact with the children until about a year before the TPR hearing.  We find his cessation of calls supports a finding he abandoned the children.  *See id.* at 79, 814 S.E.2d at 158 (considering the incarcerated father's "miniscule attempt" to communicate with his child by a letter in finding clear and convincing evidence supported abandonment).  Further, Father's guardian ad litem stated Father's desire to participate in the family court proceedings came "somewhat late in the history and procedure in this case."  Based on the foregoing, we find clear and convincing evidence supports this ground.[2]

Finally, we find TPR is in the best interest of the children.  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration.").  Initially, we acknowledge there is little information in the record about Father's home in Mexico.  Father had a job and a bank account around the time of the TPR hearing, but the record does not contain any information about where he lived.

---

[2] Because clear and convincing evidence supports three statutory grounds, we decline to address whether the family court erred in applying the statutory ground that the children had been in foster care for fifteen of the most recent twenty-two months.  *See Headden*, 354 S.C. at 613, 582 S.E.2d at 425 (declining to address a statutory ground for TPR when clear and convincing evidence supported another ground).

Without that information, we are unable to determine the suitability of Father's home. Further, we are concerned by evidence showing Father tested positive for drugs in 2016, DSS had difficulty finding him for the remainder of that year, and Father did not go to treatment after being referred in December 2016. There is no evidence he has since had any assessment or treatment for any type of drug addiction, and without such an assessment, we cannot find his home would be suitable for the children.

In contrast, the children are doing well in foster care. The children were six, five, and four years old when they last lived with Father. Although they may have some limited memory of Father, he stopped calling about a year before the TPR hearing. Finally, and critically, Headen testified the children wanted to be adopted. The children are currently ten, eight, and seven years old, and they have been in foster care for more than forty-one months. Based on their need for permanency, we find TPR is in their best interest.

**AFFIRMED.**[3]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.