**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Ivan Carter and Dionne N. McKie, Defendants,

Of whom Ivan Carter is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2019-001657

———————————

Appeal From Richland County
Dale Moore Gable, Family Court Judge

———————————

Unpublished Opinion No. 2021-UP-168
Submitted April 14, 2021 – Filed May 12, 2021

———————————

**REVERSED**

———————————

Blakely Copeland Cahoon, of Cahoon Law Firm, LLC,
of Columbia, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Tiffany J Lumpkin, of Richland County CASA, of
Columbia, for the Guardian ad Litem.

**PER CURIAM:** Ivan Carter (Father) appeals the family court's order of intervention. On appeal, Father argues (1) the family court erred in finding Father placed his three minor children (collectively, Children) at a substantial risk of physical abuse, and (2) the preponderance of the evidence burden of proof for abuse and neglect findings is unconstitutional as an interference in parental due process rights.[1] We reverse.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

We find a preponderance of the evidence is against the family court's finding that Father placed Children at a substantial risk of physical abuse. *See Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 (providing the appellate court will affirm the family court's factual findings unless the appellant shows the preponderance of the evidence is against the family court's findings); S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2020) ("'Child abuse or neglect' or 'harm' occurs when: (a) the parent . . . (i) inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child, including injuries sustained as a result of excessive corporal punishment, but excluding corporal punishment or physical discipline which: (A) is administered by a parent or person in loco parentis; (B) is perpetrated for the sole purpose of restraining or correcting the child; (C) is reasonable in manner and moderate in degree; (D) has not brought about permanent or lasting damage to the child; and (E) is not reckless or grossly negligent behavior by the parents . . . .").

At the intervention hearing, Father, Child 1, and his wife all testified Child 1 and Father engaged in a physical altercation over her cell phone during visitation at Father's home. The dispute arose as a result of Father's rule that Child 1 was not allowed to have her cell phone at his home. The evidence showed Child 1's mother (Mother) encouraged Child to take her phone to Father's home against his express

---

[1] The Department of Social Services (DSS) did not file a brief or otherwise take a position in this appeal.

wishes. Child 1 recalled Father pushed her shoulder from behind, causing her to fall and hit her head on the footboard of a bed, and hit her on her arms and legs with his fists. On the contrary, Father and his wife testified Child 1 fell backwards as she and Father were fighting to gain control of her cell phone, and Father spanked Child 1 in response to her kicking at him. Although Mother—who was not present for this incident—alleged Child 1 suffered physical injuries and a concussion as a result of the altercation, she did not provide medical evidence of these alleged injuries. Mother confirmed Child 1 suffered injuries to her hand as a result of a fall that occurred prior to this incident. Additionally, Father's wife testified Child 1 was being treated for migraines prior to this incident. The lack of evidence showing Child was injured and the conflicting testimony about what occurred placed the family court in the difficult position of determining what actually occurred and whether it amounted to abuse or neglect, as defined by section 63-7-20(6)(a)(i). We acknowledge the family court found Child 1's testimony credible, and this court typically defers to credibility findings of the family court. *See Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52 (acknowledging the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony). Here, however, the court went on to find Child 1 "figured out she could play one parent against the other parent."

Further, the guardian ad litem (GAL) did not have any safety concerns about Children visiting with Father and intended to recommend dismissal prior to the intervention hearing. The GAL believed Father was disciplining Child 1 during the incident and averred this was "an issue of two very different households," which Child 1 "sometimes [took] advantage of." The GAL testified that although Child 1 indicated she was afraid of Father, she appeared relaxed at his house. Based on Father's, his wife's, and the GAL's testimonies, we find Father's actions constituted permissible physical discipline by a parent that was reasonable in manner and moderate in degree, was neither reckless nor grossly negligent, and thus did not constitute abuse or neglect. *See id.*

Thus, we reverse the family court's finding of harm and ordering of treatment services and the entry of Father's name in the South Carolina Department of Social Services Database of Child Abuse and Neglect. *See* S.C. Code Ann. § 63-7-1650(E) (2010) ("Intervention and protective services must not be ordered unless the court finds that the allegations of the petition are supported by a preponderance of the evidence including a finding that the child is an abused or neglected child as defined in [s]ection 63-7-20 and the child cannot be protected from further harm without intervention.").

As to Father's due process issue, we find it is not preserved for appellate review because it was not raised to or ruled upon by the family court. *See Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 104-05, 627 S.E.2d 765, 775 (Ct. App. 2006) (holding due process issues must be raised to and ruled upon by the family court in order to be preserved for appellate review). Although this court has the discretion to overlook procedural rules to protect the rights of minors, we decline to do so here. *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000) ("[P]rocedural rules are subservient to the court's duty to zealously guard the rights of minors."); *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (deciding not "to exercise [its] discretion to avoid application of the procedural bar" in a case involving a minor).

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

**REVERSED.**[2]

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.