**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brittany Gonzalez and Jamie Gonzalez, Respondents,

v.

Kelly Broome, Juan Gonzalez, John Doe, and South Carolina Department of Social Services, Defendants,

Of whom Kelly Broome is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2020-000885

———————————————

Appeal From Cherokee County
Usha J. Bridges, Family Court Judge

———————————————

Unpublished Opinion No. 2021-UP-403
Submitted November 9, 2021 – Filed November 10, 2021

———————————————

**AFFIRMED**

———————————————

John Brandt Rucker and Allyson Sue Rucker, both of The Rucker Law Firm, LLC, of Greenville; and Sheryl Clarkson Bland, of Gaffney, all for Appellant.

Christopher David Kennedy and N. Douglas Brannon, both of Kennedy & Brannon, P.A., of Spartanburg, for Respondents.

Beth McElroy Bullock, of Beth M. Bullock, PA, of Gaffney, as Guardian ad Litem.

_____

**PER CURIAM:** Kelly Broome (Mother) appeals the family court's final order terminating her parental rights to her minor children (Children). Mother argues the family court erred in (1) finding she failed to remedy the conditions causing Children's removal, (2) finding she willfully failed to visit Children, and (3) analyzing whether the termination of parental rights (TPR) was in Children's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the children's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2020). The grounds must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence showed Mother failed to remedy the conditions causing Children's removal. *See* § 63-7-2570(2) (providing a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal"). Although we acknowledge Mother completed important components of her placement plan, including maintaining stable housing and remaining drug-free, we find Mother did not complete therapy as required by her court-ordered placement plan. At the TPR hearing, the Department of Social Services caseworker testified Mother was still attending therapy when the underlying abuse and neglect case closed in 2019, and Mother acknowledged she had not attended therapy since then. Therefore, because Mother did not complete

her court-ordered placement plan, we find clear and convincing evidence showed she failed to remedy the conditions that caused Children's removal.[1]

Further, we find TPR is in Children's best interest.[2] At the TPR hearing, Mother admitted Anthony Wayne Nall, her ex-boyfriend—who lived with her at the time Children were removed from her home and failed to complete his court-ordered placement plan in the underlying abuse and neglect case—remained a significant figure in her life, spending the night at her home, driving her to visitation, and remaining on the paperwork for her car. Additionally, Alicia Hart, a family therapy expert, who diagnosed Child 1 with post-traumatic stress disorder and Child 2 with generalized anxiety disorder, determined these disorders stemmed from Children's relationship with Mother and did not believe Children would benefit from continued contact with Mother. Mother has not seen Child 1 since 2019, more than six months before the TPR hearing, and Child 1 signed a consent to be adopted by the Gonzalezes. Additionally, Child 2 did not want to attend the past few visitations with Mother. Both Children wish to remain in the Gonzalezes' home and have bonded with the Gonzalezes' biological children, and the Gonzalezes wish to adopt them. Mother has acknowledged removing Children from the Gonzalezes' home would be disruptive to them. Therefore, due to Nall's continued influence in Mother's life, Hart's opinion regarding the negative effects of visitation on Children's mental health, and Children's wishes to remain with the Gonzalezes, we find TPR is in their best interest.

**AFFIRMED.**[3]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] Because clear and convincing evidence supports the aforementioned statutory ground, we decline to address the remaining ground. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

[2] Although Mother did not argue on appeal that the family court erred in finding TPR was in Children's best interest, we address the issue here. *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000) ("[P]rocedural rules are subservient to the court's duty to zealously guard the rights of minors.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.